On appeal from his convictions of operating a motor vehicle while under the influence of liquor, second offense, and leaving the scene of property damage, the defendant, Matthew J. Sambuceti, challenges a Westborough District Court judge's order denying his motion to suppress. The defendant argues that his statements made after a police officer's warrantless entry into the defendant's mother's home should be suppressed because his mother did not provide the police officer with consent to enter. We affirm.
Background. We recite the judge's relevant findings. After arriving at the scene of a single car accident where the operator had left the scene, Officer Widdis ran the plate of the car and identified the defendant as the owner. Officer Widdis proceeded to the defendant's nearby home to check on his condition and to inquire about the accident generally. Officer Widdis parked in the driveway and walked to the illuminated side door area. Officer Widdis immediately saw the defendant and his mother through the side door's large glass window. Officer Widdis and the defendant's mother made eye contact and the mother immediately waved her arm and hand, motioning for Officer Widdis to enter the home. Officer Widdis subsequently opened the door and entered the home without knocking or ringing the doorbell. The motion judge credited Officer Widdis's testimony and found that the defendant's mother's waving gesture is commonly used to signify, "[c]ome here, or come in."
Discussion. When reviewing a motion to suppress, "we adopt the motion judge's factual findings absent clear error." Commonwealth v. Isaiah I., 450 Mass. 818, 821 (2008). Although we give the facts found by the judge deference, we "independently determine whether the judge correctly applied constitutional principles to the facts as found." Ibid. "Police may not make a warrantless entry into the home of a third person to arrest a suspect or to search for or seize evidence, absent exigent circumstances or consent." Commonwealth v. Voisine, 414 Mass. 772, 783 (1993). "When consent is the basis for a warrantless entry, the Commonwealth must show consent unfettered by coercion, express or implied, and also something more than mere acquiescence to a claim of lawful authority." Ibid. (quotation omitted).
Here, the defendant was in the dwelling of his mother, who had authority to give Officer Widdis valid consent to enter. The defendant relies on Commonwealth v. Carr, 458 Mass. 295 (2010), in arguing that his mother's consent was a "mere acquiescence" to Officer Widdis and, thus, was not freely and voluntarily given. However, the facts here are "more than an ambiguous set of facts that leaves us guessing about the meaning of the interaction and, ultimately, [the defendant's mother's] ... actions." Id. at 299 (quotation omitted). The defendant's mother's hand gesture to Officer Widdis was not "so ambiguous that we are unable to discern whether [she] voluntarily consented" to Officer Widdis entering her home. Ibid. Thus, the defendant's mother's hand gesture, which, again, the motion judge found to mean "[c]ome here, or come in," was enough to provide Officer Widdis with voluntary consent to enter the home. See Commonwealth v. Voisine, supra at 783 ("The fact that [the home owner] communicated her consent by pointing in the direction of the bedroom where the defendant was hiding, rather than by speaking is of no effect").
Conclusion. "The voluntariness of an individual's consent is a question of fact," ibid.; the motion judge's determination that the defendant's mother's hand motion to Officer Widdis "constituted an invitation or consent to come into the house" was not error.
Judgments affirmed.